IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MICHAEL GRAHAM, )
  )
  )
Plaintiff, )
  )
v. ) Civil Action No. 1:17cv227 (JCC/JFA)
  )
VITALSPRING TECHNOLOGIES, INC., )
d/b/a ENZIIME, LLC. )
  )
**Serve: Nydam Law Practice PC** )
  **Registered Agent** )
  **2911 Hunter Mill Rd** )
  **Suite 301** )
  **Oakton, Virginia 22124,** )
  )
and )
  )
YONA HEALTH SYSTEMS, LLC )
1524-C Springhill Road )
McLean, Virginia 22102, )
  )
**Serve: Corporation Service Company** )
  **Bank of America Center, l6th Fl.** )
  **Richmond, Virginia 23219,** )
  )
and )
  )
SPREEDHAR POTARAZU, )
10904 Lamplighter Lane )
Potomac, Maryland 20854, )
  )
Defendants. )
  )

## COMPLAINT

COMES NOW the plaintiff, Michael Graham ("Plaintiff" or "Mr. Graham"), by and through his undersigned counsel, John C. Cook, Esq., Broderick C. Dunn, Esq., Philip C. Krone,

1

Esq., and the law firm of Cook Craig & Francuzenko, PLLC, and for his Complaint against the defendants, Vitalspring Technologies, Inc. doing business as Enziime, LLC ("Enziime"), Yona Health Systems, LLC ("Yona"), and Spreedhar Potarazu ("Potarazu"), states as follows:

## NATURE OF THE CASE

1. This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, *et seq.* Mr. Graham seeks to unpaid wages and salary pursuant to the FLSA and breach of contract. Mr. Graham also seeks to recover damages pursuant to a breach of fiduciary duty under ERISA. Mr. Graham further seeks to recover attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331.

3. This Court has subject matter jurisdiction over Plaintiff's ERISA claim under 29 U.S.C. § 1132(e)(2).

4. This Court has subject matter jurisdiction over Plaintiff's remaining claim under 28 U.S.C. § 1367(a) because those claims are part of the same controversy as Plaintiff's FLSA claims.

5. This Court has personal jurisdiction over Defendant because it performed the acts complained of within the Eastern District of Virginia.

6. Venue is proper in this district and in this division by virtue of 28 U.S.C. § 1391 (b) because, among other reasons, a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

7. Plaintiff is an adult male resident of Prince William County in the Commonwealth of Virginia. Defendant employed Mr. Graham through November 11, 2016.

8. Upon information and belief VitalSpring Technologies, Inc. is a Delaware corporation doing business in the Commonwealth of Virginia as Enziime LLC with its principal place office located at 8270 Greensboro Dr., Suite 850, McLean, Virginia 22102.

9. Upon information and belief Yona Health System is a Virginia limited liability company with its principal office located at 1524-C Springhill Road, McLean, Virginia 22102.

10. Upon information and belief, Potarazu is adult citizen of the State of Maryland and was Enziime's Chief Executive Officer and President.

## FACTS

11. Enziime provides business intelligence, data management, cloud analytics, and other technological solutions in the filed of healthcare benefits, operating out of McLean, Virginia. Enziime does business via telephone lines and the internet; providing services and transmitting data to entities in different states. Thus, Enziime is an enterprise engaged in interstate commerce as defined by the FLSA.

12. Upon information and belief, Enziime conducts business with gross revenues over $500,000.00 annually.

13. In 2012, Enziime hired Mr. Graham as a data analysis manager and paid him a bi-weekly salary of $2,692.31 or $70,000 annually.

14. In addition to his salary, Enziime provided Mr. Graham with an additional benefit of a 401k account.

15. At all relevant times, Potarazu, as CEO and president of Enziime, controlled Mr. Graham's pay and hours, and had the authority to hire and fire Mr. Graham.

16. Enziime informed Mr. Graham that he was enrolled in a 401k plan and that his account would be with T. Rowe Price.

17. Enziime made payroll deductions from Mr. Graham's paychecks for the purpose of funding of Mr. Graham's 401k account.

18. Mr. Graham's paychecks indicated that portions of his earnings were being withheld as 401k contributions.

19. In May 2016, Enziime raised Mr. Graham's bi-weekly salary to $3,076.92 or $80,000 annually.

20. Enziime regularly issued Mr. Graham's bi-weekly salary untimely, typically 30 days after the pay period ended.

21. The last check that Mr. Graham received from Enziime was issued on September 22, 2016 for the pay period ending July 31, 2016.

22. Although Mr. Graham continued to work for Enziime, Enziime did not pay Mr. Graham his salary from August 2016 through November 11, 2016.

23. Mr. Graham continued to work for Enziime during this time so that the company would not fail to meet its deliverables to its clients.

24. In the fall of 2016, Potarazu faced criminal prosecution stemming from his role as CEO as with Enziime and, in December of 2016, Potarazu pled guilty to shareholder fraud of $30 million and employment tax fraud of $7.5 million.

25. Upon information and belief, Yona purchased Enziime's assets prior to Potarazu's guilty plea.

26. Subsequently, upon information and belief, Yona, through the assets purchased from Enziime, began conducting the same business that Enziime had previously been engaged.

27. Upon information and belief, many of Enziime's key management personnel are conducting Yona's operations.

28. Upon information and belief, Yona's creation and asset purchase was for the purpose of continuing Enziime's business without Enziime's liabilities.

29. Consequently, Yona is a legal successor to Enziime and is liable for the debts of Enziime.

30. At all times during Mr. Graham's employment with Enziime, the minimum wage was seven dollars and twenty-five cents ($7.25) and the overtime wage was ten dollars and eighty-eight cents ($10.88).

31. Upon information and belief, to date, Enziime never transferred any of the 401k payroll deductions to a 401k account.

## COUNT I
### (Violation of FLSA Wage Requirements – All Defendants)

32. Plaintiff re-states and re-alleges the allegations contained in the preceding paragraphs.

33. Defendants did not properly compensate Plaintiff for all hours Defendants required him to work and/or for all hours which Defendant permitted him to work with the actual or constructive knowledge of Defendant.

34. From August 2016 through November 11, 2016, Defendants did not pay Mr. Graham any wages for the hours that he worked.

35. By reason of the foregoing, Plaintiff has been damaged and is due unpaid minimum wages in the amount of $7,280.00, or an amount to proven at trial, and the same

5

amount in liquidated damages, as well as reasonable attorneys' fees, interest, expenses, and costs under 29 U.S.C. § 216(b).

## COUNT II
### (Violation of the FLSA Overtime Requirements – All Defendants)

36. Plaintiff re-states and re-alleges the allegations contained in the preceding paragraphs.

37. Defendant did not properly compensate Plaintiff for all hours Defendant required him to work and/or for all hours which Defendant permitted him to work with the actual or constructive knowledge of Defendant.

38. Defendant willfully required Plaintiff to work in excess of 40 hours during a workweek and/or "suffered or permitted" such overtime work.

39. Defendant did not pay Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 in each workweek (i.e., overtime hours worked).

40. From August 2016 through November 11, 2016, Plaintiff worked an average of 45 hours in a workweek.

41. By reason of the foregoing, Plaintiff has been damaged and is due unpaid overtime wages in the amount of $870.40, or an amount to proven at trial, and the same amount in liquidated damages, as well as reasonable attorneys' fees, interest, expenses, and costs under 29 U.S.C. § 216(b).

## COUNT III
### (Breach of Contract – All Defendants)

42. Plaintiff re-states and re-alleges the allegations contained in the preceding paragraphs.

43. Mr. Graham and Defendant had an agreement whereby Defendant employed Plaintiff as a data analysis manager and Defendant paid him an annual salary of $80,000.00.

44. Defendant employed Mr. Graham until on or about November 11, 2016.

45. Defendant breached the agreement by failing to pay Mr. Graham his salary from August 2016 through Plaintiff's last day of employment.

46. By reason of the foregoing, Mr. Graham has been damaged and is due unpaid salary in the amount of $24,615.36, or an amount to be proven at trial.

## COUNT IV
### (Quasi-Contract – Defendant Yona)

47. All of the preceding paragraphs are incorporated and realleged by reference.

48. Although Enziime failed to pay Mr. Graham his wages from August 2016 through November 2016, Mr. Graham continued to work so that Enziime would not fail to meet its deliverables to its client.

49. Mr. Graham's services conferred a benefit to Yona because they were directly related to the assets that Yona purchased from Enziime.

50. The asset purchase failed to reasonably compensate Mr. Graham for his work.

51. By reason of the foregoing, Mr. Graham has been damaged and is due the reasonable value of his services provided in an amount to be proven at trial.

## COUNT V
### (In the Alternative to Count II - Quantum Meruit - Defendants Enziime and Potarazu)

52. All of the preceding paragraphs are incorporated and realleged by reference.

53. At all times relevant hereto, Mr. Graham performed services as a data analysis manager for Enziime and Potarazu.

54. This service provided an economic benefit to the Enziime and Potarazu.

55. Enziime and Potarazu failed to pay Mr. Graham the full value of his services.

56. By reason of the foregoing, Mr. Graham has been damaged and is due the unpaid value of his services in the amount of $24,615.36, or an amount to be proven at trial.

## COUNT VI
### (ERISA 29 U.S.C. §§ 1104 & 1109 – Breach of Fiduciary – Defendant Enziime)

57. All of the preceding paragraphs are incorporated and realleged by reference.

58. Enziime was Mr. Graham's employer and 401k plan sponsor.

59. Enziime withheld portions of Mr. Graham's earnings from his paycheck for the purposes of funding a 401k account pursuant to the Enziime's sponsored plan.

60. Enziime possessed control over the withheld portions of Mr. Graham's earnings. Mr. Graham was dependent on Enziime to fund the 401k account by taking action to transfer or deposit the withheld contributions.

61. As a result, Enziime had fiduciary duty to transfer Mr. Graham's contributions that Enziime was withheld from his paycheck to a proper 401k account and provide him notice regarding the plan's administration.

62. Enziime breached its fiduciary duty by not transferring the money it withheld from Mr. Graham's paychecks and by not providing Mr. Graham notice of the plan's administration.

63. Enziime breached its fiduciary duty by not transferring the payroll deductions to a 401k account.

64. By reason of the foregoing, Mr. Graham has been damaged and is due his withheld wages in the amount of no less than $ 2,297.22 or an amount to be proven at trial, the lost earnings on that sum in an amount to be proven at trial, and reasonable attorney fees.

## COUNT VII
### (ERISA 29 U.S.C. §§ 1105 & 1109 - Breach of Co-Fiduciary Duty - Defendant Potarazu)

65. All of the preceding paragraphs are incorporated and realleged by reference.

66. Enziime was Mr. Graham's employer and 401k plan sponsor.

67. Enziime withheld portions of Mr. Graham's earnings from his paycheck for the purposes of funding a 401k account pursuant to the Enziime's sponsored plan.

68. Potarazu was As Enziime's CEO and President, Potarazu possessed control over the withheld portions of Mr. Graham's earnings. Without action on behalf of the Potarazu, the withheld contributions would never be deposited into a proper 401k account.

69. As a result, Potarazu had fiduciary duty to transfer Mr. Graham's contributions that Enziime was withheld from his paycheck to a proper 401k account and provide him notice regarding the plan's administration.

70. Potarazu breached its fiduciary duty by not transferring the money it withheld from Mr. Graham's paychecks and by not providing Mr. Graham notice of the plan's administration.

71. Potarazu breached its fiduciary duty by not transferring the payroll deductions to a 401k account.

72. By reason of the foregoing, Mr. Graham has been damaged and is due his withheld wages in the amount of $2,297.22, and the lost earnings on that sum in an amount to be proven at trial.

## COUNT VIII
### (In the Alternative to Count V – Conversion Defendants Enziime and Potarazu)

73. All of the preceding paragraphs are incorporated and realleged by reference.

74. Enziime was Mr. Graham's employer.

9

75. Enziime withheld portions of Mr. Enziime earnings from his paycheck for the purposes of funding a 401k account pursuant to the Defendant's sponsored plan.

76. Enziime and Potarazu possessed control over the withheld portions of Mr. Graham's earnings.

77. Enziime and Potarazu had constructive authority to deposition the withheld wages into a 401k account on the behalf of Mr. Graham.

78. Enziime and Potarazu wrongfully took other actions with the withheld wages as shown by the fact that the funds were never deposited into a 401k account or returned to Mr. Graham.

79. By reason of the foregoing, Mr. Graham has been damaged and is due his withheld wages in that Defendant converted in amount of amount of no less than $2,297.22, or an amount to be proven at trial, punitive damages, and reasonable attorneys' fees.

## COUNT IX
### (In the Alternative to Count V – Fraud – Defendants Enziime and Potarazu)

80. All of the preceding paragraphs are incorporated and realleged by reference.

81. Enziime was Mr. Graham's employer.

82. Neither Enziime nor Potarazu never intended to establish a 401k account of Mr. Graham's behalf but informed Mr. Graham that he was being enrolled in a 401k plan.

83. Prior to and after being informed that he was enrolled in a 401k plan, Enziime withheld portions of Mr. Graham's earnings from his paycheck.

84. Neither Enziime nor Potarazu transferred or deposited the withheld wages into a 401k account on Mr. Graham's behalf.

85. By reason of the foregoing misrepresentation, Mr. Graham has been damaged and is due his withheld wages in that Defendant converted in amount of amount of no less than $2,297.22, or an amount to be proven at trial, punitive damages, and reasonable attorneys' fees

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiff, Michael Graham, respectfully requests the following relief against the Defendants:

a. Plaintiff's unpaid wages in the amount of $7,280.00 or such amount as may be proven at trial;

b. Liquidated damages in the amount of $7,280.00 or such amount as may be proven at trial;

c. Plaintiff's unpaid overtime wages in the amount of $870.40 or such amount as may be proven at trial;

d. Liquidated damages in the amount of $870.40 or such amount as may be proven at trial;

e. Plaintiff's unpaid salary in the amount of $24,615.36 or such amount as may be proven at trial;

f. In the alternative, the reasonable value of his services under *quantum meruit* as may be prove at trial;

g. Plaintiff's wages withheld but never transferred to a 401k account;

h. Lost 401k earnings;

i. Punitive damages;

j. Plaintiff's attorney's fees in this matter, including those recoverable under 29 U.S.C. § 216 and 29 U.S.C. § 1132(g)(1);

k. Plaintiff's costs in this matter; and

l. Pre-and post-judgment interest at the highest applicable legal or statutory rate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues raised herein.

Respectfully submitted,

*[signature: Philip C. Krone]*

John C. Cook (VSB No. 38310)
Broderick C. Dunn, (VSB No. 74847)
Philip C. Krone, (VSB No. 87723)
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
(703) 865-7480 (office)
(703) 434-3510 (fax)
jcook@cookcraig.com
bdunn@cookcraig.com
pkrone@cookcraig.com
*Counsel for Plaintiff*